RECEIVED
IN ALEXANDRIA, LA.

AUG 2 8 2012

TONY R. MOORE, CLERK
BY: _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

KAMALUDEEN GIWA                    DOCKET NO. 12-CV-1044; SEC. P

VERSUS                             JUDGE DEE D. DRELL

WARDEN                             MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Kamaludeen Giwa, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on May 1, 2012. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He attacks his 2007 sentence imposed in the United States District Court for the District of Nevada.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Petitioner was charged along with eight other individuals in a fifteen-count indictment alleging various fraud-related offenses. After the district court denied Giwa's pretrial motion to suppress evidence seized during a search of his apartment, he pled guilty to counts one through fourteen of the indictment and was sentenced to serve a total of 150 months of imprisonment. Notwithstanding his waiver of his right to appeal the sentence pursuant to the plea agreement, he appealed to the Ninth Circuit. His sentence was affirmed on June 15, 2009. U.S. v. Giwa, 339 Fed.Appx. 682 (9th

Cir. 2009). He did not seek writs in the United States Supreme Court.

Petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255, which was denied on December 15, 2010. The Ninth Circuit Court of Appeals denied Giwa's request for certificate of appealability on November 23, 2011. [Docket #11-15081, 9th Cir., #11]

### Law and Analysis

Petitioner alleges that he is entitled to proceed with a Section 2241 petition by way of the savings clause of §2255(e). In order to proceed under the Savings Clause, Petitioner would have to demonstrate that no adequate or effective relief was attainable by a motion to vacate, correct, or set aside his sentence under §2255. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), *cert. denied*, 534 U.S. 1001 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. at 830, *quoting* Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Id.

Petitioner raises the same claims in this Section 2241

petition as he did in his Section 2255 petition in Nevada. The claims were denied, as was the certificate of appealbility. Petitioner has not identified any retroactively applicable Supreme Court decision that was foreclosed by circuit law when he filed his appeal or 2255 petition.

It is clear from the petition that Giwa does not meet the conditions for application of the savings clause. Petitioner is precluded from challenging the legality of his sentence under §2241. The court is without jurisdiction to consider the petition. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005); Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir.2003).

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED** because the Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 24th day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE